UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | No. 5:18-CR-29-KKC-HAI-1 |
| v. | ) | |
| | ) | |
| ROYAL ELCOTT WILLIAMS, | ) | RECOMMENDED DISPOSITION |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal prisoner Royal Elcott Williams ("Williams") has filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. D.E. 67. The Court recognizes that Williams is proceeding *pro se*, without the assistance of an attorney. The Court construes *pro se* motions more leniently than motions prepared by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381-83 (2003).

Under § 2255, a federal prisoner may seek habeas relief because his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such a sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255. To prevail on a § 2255 motion alleging constitutional error, a defendant must establish that the error had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 movant bears the burden of proving his or her allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam).

In accordance with local practice, the matter was assigned to the undersigned for the purposes of conducting a preliminary review. *See* Rules Governing Section 2255 Cases, Rule 4. Under such review, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." *Id.*; *see also* 28 U.S.C. § 2255(b) (permitting dismissal of a § 2255 motion when "the files and records of the case conclusively show that the prisoner is entitled to no relief"). Because the files and records conclusively show he is entitled to no relief on his single claim, Williams's motion must be dismissed.

## I. Background

On April 17, 2018, Williams pleaded guilty to possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1). D.E. 25 (minutes); D.E. 28 at 1 (plea agreement). He was represented by court-appointed counsel Wayne Roberts. D.E. 25.

The plea agreement acknowledges the sentencing enhancement that Williams now challenges: "Pursuant to U.S.S.G. § 2D1.1(b)(1), increase the base offense level by 2 levels for possession of a firearm." D.E. 28 at 3 ¶ 5 (c). The agreement also contains the following waiver provision: "The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence." *Id*. at 3 ¶ 8.

On September 27, 2018, Williams was sentenced to 66 months of imprisonment with four years of supervised release to follow. D.E. 49. Williams's court-appointed counsel, Wayne Roberts, appeared with him and asserted no objections to the presentence report. *Id*. Williams did not appeal.

On August 6, 2019, the Court received the form application for § 2255 relief now under consideration. D.E. 67. Williams raises one ground in his § 2255 motion. Williams alleges he is entitled to a sentence reduction based on the Supreme Court's opinion in *United States v. Davis*, 139 S. Ct. 2319 (2019). D.E. 67 at 4. Williams does not expressly state whether his claim is based on ineffective assistance of counsel or some other basis. Therefore, under a very liberal view, there are two ways in which the Court could analyze Williams's claim. The Court could: 1) construe Williams's claim as asserting ineffective assistance of counsel based on vagueness in 18 U.S.C. § 924(c); or 2) the Court could construe the claim as alleging error by the Court. In either event, for the reasons that follow, Williams's claim fails and should be dismissed.

**II. Williams's Claim If Construed as an Ineffective Assistance of Counsel Claim**

To successfully assert an ineffective-assistance-of-counsel ("IAC") claim, a defendant must prove both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). To prove deficient performance, a defendant must show "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Id.* at 688. But "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. at 689 (internal quotations omitted).

In order to prove prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on

the judgment." *Id.* at 691. When evaluating prejudice, courts generally must consider the "totality of the evidence." *Id.* at 695. Courts may approach the *Strickland* analysis in any order, and an insufficient showing on either prong ends the inquiry. *Id.* at 697. To show prejudice in the sentencing context, a movant must establish that his "sentence was increased by the deficient performance of his attorney." *Spencer v. Booker*, 254 F. App'x 520, 525 (6th Cir. 2007) (citing *Glover v. United States*, 531 U.S. 198, 200 (2001)).

In his motion, Williams does not specifically allege any wrongdoing by his attorney which would give rise to an ineffective assistance of counsel claim but, for the purposes of this recommendation, the Court will construe his motion as claiming his attorney should have anticipated the holding of *United States v. Davis* and challenged the application of an enhancement based on vagueness in § 924(c). Williams's claim must fail.

Williams claims that the Supreme Court's opinion in *United States v. Davis* renders the two-point sentence enhancement Williams received pursuant to U.S.S.G. § 2D1.1(b)(1) unconstitutional. In *Davis*, the Supreme Court addressed 18 U.S.C.S. § 924(c), which heightens "criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in furtherance of,' any federal 'crime of violence or drug trafficking crime.'" *Davis*, 139 S. Ct. at 2324. The Court in *Davis* specifically addressed the residual clause of § 924(c)(3)(B) and held that the clause was unconstitutionally vague. *Id.* at 2336.

Here, Williams was neither charged with, nor convicted of violating § 924(c). His conviction was under 21 U.S.C. § 841(a)(1). Even if Williams's counsel objected to the application of the two-point sentencing enhancement based on vagueness in § 924(c), that objection would have been overruled as § 924(c) simply does not apply to Williams's case. Thus,

4

there is no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

To help Williams understand, the enhancement he received was based upon U.S.S.G. § 2D1.1, which addresses drug offenses involving, among other things, unlawful trafficking, including the "possession with intent to commit these offenses." U.S.S.G. § 2D1.1. This section provides for enhancements based on specific characteristics of the underlying offense. Here, the parties agreed to an enhancement based on Williams's possession of a firearm at the time he possessed with intent to distribute 500 grams or more of a mixture containing a detectable amount of cocaine. D.E. 28 at 3 ¶ 5 (c). U.S.S.G. § 2D1.1(b)(1) specifically provides for a two-level increase in a defendant's base offense level "if a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). A firearm was found in the vehicle Williams was driving and he had a magazine with ammunition for the firearm in his pocket. D.E. 28 at 2 ¶ 3 (b). The U.S.S.G. § 2D1.1(b)(1) enhancement was therefore correctly applied and § 924(c) was not implicated in any way.

To the extent Williams asserts an IAC claim, his claim on that basis must fail.

### III. Williams's Claim if Construed as Non-IAC

If Williams is simply claiming error by the Court (instead of an IAC claim), the motion should be dismissed based on Williams's waiver in his plea agreement. As part of his plea agreement, Williams waived all habeas claims except those premised on IAC. Paragraph 8 of Williams's plea agreement states:

> The defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction and sentence.

5

D.E. 28 at 3 ¶ 8.  By its terms, the collateral attack waiver in the last sentence of paragraph 8 bars collateral attack based on any grounds other than one for ineffective assistance of counsel.

If done knowingly and voluntarily, a criminal defendant may, by the terms of the plea agreement, waive his right to file a direct appeal and his right to collaterally attack his conviction and sentence under § 2255.  *Davila v. United States*, 258 F.3d 448, 450-51 (6th Cir. 2001).  A prisoner may challenge the validity of such a waiver on the basis that "his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel."  *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007).

Williams nowhere argues that his plea was not knowing and voluntary.  *See* D.E. 67.  Nor does he argue that his decision to plead guilty was the product of IAC.  *See id.*  His claim concerns only the length of his sentence.  Because Williams gives the Court no reason to find that his collateral attack waiver was invalid, any non-IAC claim is waived, and should be dismissed.

### IV. Conclusion

"[T]he motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  Because "it plainly appears … that the moving party is not entitled to relief, the judge must dismiss the motion."  Rules Governing Section 2255 Proceedings, Rule 4.  Williams's claim is barred whether viewed as an IAC claim or an assertion of error by the Court.  The undersigned therefore **RECOMMENDS** that Williams's § 2255 motion be **DISMISSED** upon initial review.

This case does not warrant an evidentiary hearing.  An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]"  28 U.S.C. § 2255(b); *See Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).  "In deciding whether to grant an evidentiary hearing, a federal court must consider

whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. In this case, Williams's claim fails either way it is viewed. The record therefore "conclusively show[s]" he is entitled to no relief. *Arredondo*, 178 F.3d at 782.

The undersigned further **RECOMMENDS** that no Certificate of Appealability issue. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See also* Rule 11 of the Rules Governing Section 2255 proceedings. This standard is met if the defendant can show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). The Court has considered the issuance of a Certificate of Appealability as to Williams's claim. No reasonable jurist would find the assessments on the merits above to be wrong or debatable; thus, no Certificate of Appealability should issue.

Any objection to, or argument against, dismissal must be asserted properly and in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the

District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

    This the 12th day of August, 2019.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge