UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>V.<br><br>ROYAL ELCOTT WILLIAMS,<br><br>Defendant. | CRIMINAL NO. 5:18-29-KKC-HAI-1<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant's motion to vacate, set aside, or correct a sentence; the magistrate judge's recommendation that the Court deny the motion; Defendant's objection to that recommendation; and Defendant's amended motion to vacate, set aside, or correct a sentence. For the reasons stated below, the Court adopts the magistrate judge's recommendation and denies both the original and amended motions to vacate, set aside, or correct a sentence.

On April 17, 2018, Defendant Royal Elcott Williams pleaded guilty to possession with intent to distribute 500 grams or more of cocaine. (DE 25; DE 28 at 1.) On September 27, 2018, Defendant was sentenced to 66 months imprisonment, with four years of supervised release to follow. (DE 49; DE 50.) On August 6, 2019, Defendant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence. (DE 67.) The magistrate judge issued a report and recommendation on the motion on August 12, 2019. (DE 69.)

Defendant's original § 2255 motion raises essentially one ground: that *United States v. Davis*, 139 S. Ct. 2319 (2019) entitles him to a reduction in his sentence. (DE 67 at 4.)

1

The magistrate judge construed Defendant's argument as both a claim for ineffective assistance of counsel, and as a claim premised on some other ground. (DE 69.) Under the first interpretation, the magistrate judge recommended that Defendant's claim fail, since the statute at issue in *Davis* did not apply to Defendant's case. (DE 69 at 4-5.) Under the second interpretation, the magistrate judge also recommended that Defendant's claim fail because, the extent to which Defendant was claiming error by the Court, his plea agreement included a waiver of any habeas claims not premised on ineffective assistance of counsel. (DE 69 at 5-6.)

The Court agrees with the magistrate judge's analysis and finds that nothing in Defendant's objections, or in his amended § 2255 motion, would compel a different result. In particular, and as the magistrate judge highlighted in the report and recommendation, "Williams does not specifically allege any wrongdoing by his attorney which would give rise to an ineffective assistance of counsel claim," which requires him to "prove both deficient performance and prejudice." (DE 69 at 3-4.) Defendant's argument in his amended motion – that he believes that he is entitled to relief under the "safety valve" provision in § 5C1.2 of the United States Sentencing Guidelines (DE 70 at 5, DE 70-1 at 4-5) – does not satisfy that standard.

Accordingly, the Court hereby ORDERS that:

1) the Report & Recommendation (DE 69) is ADOPTED as the Court's opinion as to Defendant's original motion to vacate, set aside, or correct a sentence (DE 67);

2) Defendant's original motion to vacate, set aside, or correct a sentence (DE 67) is DENIED with prejudice;

3) Defendant's amended motion to vacate, set aside, or correct a sentence (DE 70) is DENIED with prejudice; and

4) a certificate of appealability is DENIED as to all issues, should Defendant request a certificate of appealability.

Dated March 10, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY